*Webster's New International Dictionary* (2d ed, 1948):

> souvenir–n. . . . That which serves as a reminder; a remembrancer; memento; keepsake.
> A memory; recollection.
> keepsake–n. . . . Anything kept or given to be kept, for the sake of the giver; a token of friendship.

Applying these definitions to the merchandise before us, we are reinforced in our view that the importations are within the common meaning to the term doll. As we have seen, these articles are sent as a greeting or a reminder of an occasion (e.g., "Happy Birthday," "Get Well Soon") or of a person (e.g., "Guess Who I Like," "I Love You," "I Wuv You"); thus, they meet the definition of souvenirs or keepsakes which as we have observed are within the ambit of those articles commonly known as dolls.

Finally, we come to plaintiff's argument that the importations cannot be considered dolls because they are not merchandised as such. While the manner in which an article is merchandised is one of the factors to be considered in determining its classification, it is not determinative. E.g., *S. Y. Rhee Importers* v. *United States, supra,* 61 CCPA at 4; *United States* v. *Ignaz Strauss & Co., Inc.,* 37 CCPA 32, C.A.D. 415 (1949); *Novelty Import Co., Inc.* v. *United States,* 53 Cust. Ct. 274, Abs. 68780 (1964).

For the foregoing reasons, we hold that the articles in issue were properly classified as dolls under item 737.20. Plaintiff's claim is overruled and judgment will be entered accordingly.

(C.D. 4660)

Rosen Enterprises, Inc. *v.* United States

Court No. 72–11–02257

(Decided June 24, 1976)

*Glad, Tuttle & White (Robert Glenn White* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Andrew P. Vance* and *Jerry P. Wiskin,* trial attorneys), for the defendant.

RICHARDSON, Judge: The merchandise in this case consists of cigarette lighters described on the invoices as article number HD–600, cigarette gas lighter, with additional words of description. The merchandise was exported from Japan on February 11, March 24, and April 30, 1971, entered at the port of Los Angeles–Long Beach, California, and appraised on the basis of export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) at $3.38 per dozen, net packed.

The parties agree that export value as defined in section 1401a(b) is the proper basis for appraisement of the lighters. Plaintiff contends, by way of amendment of its complaint that the correct appraised export value of the lighters is $2.366 per dozen, net packed.

Benjamin Bloomfield, plaintiff's buyer and sales manager, testified that he orally placed an order for 500,000 HD–600 disposable cigarette lighters with the manufacturer, K. K. Hirota, Tokyo, Japan, at the end of November, 1970, at the price of 16 cents each, plus 2, 3 or 4 mills, that the asking price was 19 cents each but it was usual for his company to get 10 to 15 percent discount due to the large quantities purchased. The witness stated that he knew Sonosuke Aoyagi, the affiant in exhibit 1, and knew that he spoke and read English very well.

The affidavit of Sonosuke Aoyagi, dated June 16, 1975, received in evidence as exhibit 1, states:

> That I am the Vice President of Hirota Company and have been with this company for eighteen years, being responsible for supervising the sales and financing of the company.

That I therefore have personal knowledge of the selling practice and pricing of the merchandise sold by our company for exportation to the United States. This includes the sales practice of cigarette lighters (disposable) invisible plastic tank, such as article number HD-600, which are sold to Rosen Enterprises, Inc.

That normally merchandise sold by us is delivered to the buying agent of the American or U.S. customer in Japan at our factory. The place and physical location of this is #19, 3-chome Asakusabashi, Daito-ku, Tokyo. We have never made any sales for delivery along side the dock of F.O.B. Japanese port, however, we have made delivery to the ex-buying agent's warehouse. In such instances we charge for the cost of making this delivery.

That we do not have any special discount percentage rates for quantity purchases of our disposable lighters. However our price of disposable lighters vary depending upon the purchaser or the past history of the quantity that the purchaser has purchased.

That for the period between February and June of 1971 I have set forth below a list of the date of sales, the quantity purchase and the unit price of all of the sales made during that period of disposable lighters, taken from our record books.

| Date of sale | Quantity Purchase | Unit Price |
| --- | --- | --- |
| 2–11–71 | 24,000 pieces | 16.25 cents |
| 2–15–71 | 24,000 pieces | 19.8 cents |
| 3–20–71 | 60,000 pieces | 18 cents |
| 3–22–71 | 50,000 pieces | 16.4 cents |
| 3–23–71 | 50,000 pieces | 16.4 cents |
| 4–20–71 | 36,000 pieces | 18 cents |
| 4–28–71 | 125,000 pieces | 16.3 cents |
| 5–15–71 | 80,000 pieces | 18 cents |

/s/ S Aoyagi

Bud Nakamura, import specialist in the employ of the U.S. Customs Service at the port of entry, testified that he processed the involved entries and made the advisory appraisement in this case at $3.38 per dozen, net packed, upon the basis of written advice received from the national import specialist in New York through the Customs Information Exchange to the effect that the HD–600 lighter was the same merchandise as the GL–160 lighter made by the Hirota Company and exported to the United States on or about December 15, 1970—a conclusion reached by the national import specialist after examining samples of both lighters and checking with an importer in New York.

The official papers received in evidence at the trial bear the initials of the customs inspectors who examined and released the shipments in issue as well as the dates of their inspections. These notations appear on each special customs invoice and packing list attached to the entry papers.

Plaintiff contends that there is no presumption of correctness attaching to the appraisements in issue because there was no actual examination and inspection of the merchandise in issue, citing the first three sentences of 19 U.S.C.A., section 1499 and 19 C.F.R. 14.1(b). Plaintiff further contends that the testimony of the witness Bloomfield and the affidavit set forth as exhibit 1 constitute *prima facie* evidence supporting the claimed export value in the absence of any presumption of correctness supporting the appraised value.

Defendant contends that the merchandise was examined prior to its release from customs custody in compliance with 19 U.S.C.A., section 1448(b) and applicable regulations, and, among other things, that plaintiff has failed to overcome the statutory presumption of correctness attaching to the appraisements in issue. Defendant argues (brief, p. 9):

> Plaintiff had every opportunity at trial to adduce testimony or introduce documentary evidence that the HD–600 lighters and the GL–160 lighters were, in fact, not "such" merchandise. Yet, plaintiff failed to adduce one single shred of evidence to controvert Mr. Nakamura's testimony. . . .

On the instant record the court agrees with the defendant in this case. The presumption of correctness attaching to the appraisements at bar has not been rebutted. First, the appraisements are not void. Undoubtedly, plaintiff's challenge to the legality of the appraisements stems from the absence of the designation of examination packages by the district director which customarily appears on the Summary Sheet. However, such omission in this case is explained by the legend "RELEASED ON IMMEDIATE DELIVERY PERMIT" that appears on each Summary Sheet followed by the permit number and the date of release. These notations set into motion a different practice in this case. See 19 U.S.C.A., section 1448(b); 19 C.F.R. 8.22(a), 8.59 (1971 edition); and section 8.59(b), Customs Manual (1954 edition, as amended).

Section 1448(b) and the implementing regulations require designation of the minimum requisite examination packages to be made on the delivery permits themselves, and do not require notation of this fact on the Summary Sheets. And, information as to the identity of the packages designated for examination, is to be known only to the customs inspectors involved prior to arrival of the merchandise within the port. See 19 C.F.R. 8.59(c) (1971 edition). Thus, in view of the evidence of record that the instant merchandise was examined and released by customs inspectors under special permits for immediate delivery, the court must assume that the appropriate designation and examination of the merchandise for appraisement purposes was made

in compliance with law, no evidence to the contrary having been introduced by the plaintiff.

Secondly, even if full credence be given to the statements contained in exhibit 1, what the case comes down to, as plaintiff's counsel aptly noted at the trial, is whether the HD–600 lighter is the same as the GL–160 lighter (R.147). And, on this phase of the case the evidence adduced by plaintiff does not address itself to this issue at all. Hence, it follows, therefore, that in the absence of evidence of dissimilarity between the imported lighters and those relied upon in the making of the appraisements herein, plaintiff has failed to prove that the value adopted by the appraising official in this case was not the proper export value. *United States* v. *A. Orlikoff of Mexican Artcraft Co. et al.*, 25 Cust. Ct. 441, Reap. Dec. 7892 (1950). As such, plaintiff has failed to sustain the issuable allegations of the complaint, and the action must, therefore, be dismissed.

Accordingly, on the record the court finds as facts:

1. That the merchandise in this action consists of disposable cigarette lighters designated as model HD–600 manufactured in and exported from Japan between February 11 and April 30, 1971.

2. That said merchandise was appraised upon entry at the port of Los Angeles-Long Beach, California, on the basis of export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) at $3.38 per dozen pieces, net packed, on the basis of a disposable cigarette lighter designated model GL–160 manufactured in and exported from Japan to the United States by Hirota Company, the manufacturer of the imported lighters and found by the appraising official to be the same as the imported lighters.

3. That there is no evidence in the record that the said disposable cigarette lighter designated model GL–160 is dissimilar to the imported cigarette lighter.

Upon these facts the court concludes as matters of law;

1. That export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise herein.

2. That plaintiff has not established an export value different from that returned in the appraisement of said merchandise.

3. That the appraised value of said merchandise remains in full force and effect by reason of plaintiff's failure to overcome the presumption of correctness attaching to the appraisements herein.

Judgment will be entered accordingly.